Roberto Colón, Plaintiff and Appellant, v. Manuel V. Domenech, Treasurer of Puerto Rico, Defendant and Appellee.

No. 6597. Argued March, 13, 1935.—Decided July 11, 1935.

*F. Ramírez de Arellano* for appellant. *Benjamin J. Horton, Attorney General,* and *R. Cordovés Arana, Assistant Attorney General,* for appellee.

Mr. Justice Aldrey delivered the opinion of the court.

This appeal was taken from a judgment rendered in favor of the defendant.

The appellee has moved for the dismissal of the appeal as frivolous, but his motion was heard at the same time that the appeal on the merits, and therefore we shall render a single decision.

The fundamental question is whether or not the complaint states facts sufficient to constitute a cause of action. If it does not, it will be unnecessary to decide whether the causes of action set up should have been separately alleged, as the plaintiff refused to amend his complaint.

The appellant sold several tractors from August 4, 1931, up to the month of July 1932, when he filed his complaint, and

on said sales the Treasurer of Puerto Rico assessed a tax amounting to $2,439.35, which the plaintiff paid under protest. He now seeks to recover said sum because he considers that the act under which the tax was assessed does not include agricultural tractors, of the kind he sold, as the same are not motor vehicles but integral parts of mechanical plows and that they lack wheels, as they move on a denticulated metallic band known as "caterpillar."

In the case of *West India Machinery & Sup. Co.* v. *Domenech, Treas.*, 46 P.R.R. 107, we said that the suit was brought to recover certain taxes paid under protest on a number of tractors used for agricultural purposes, the contention of the plaintiff being that the tractors intended and used for agricultural purposes were exempt from taxation under the provisions of subdivision 8 of section 16 of the Internal Revenue Law, as amended in 1931, but that on appeal this untenable position was abandoned and it was argued that the Treasurer could not demand more than 10 per cent of the selling price; and we held that tractors are necessarily included in the term "motor vehicles," as described in said section. Upon that holding we could affirm without further discussion the judgment appealed from herein, but in view of the exhaustive brief of the appellant we shall add some comments.

The law in controversy herein was the one considered in the above case, and in its pertinent part it reads as follows:

"*Motor vehicles, launches and boats.*—On every motor vehicle, including automobiles, autocars, trucks, tractors, trailers, motorcycles (by whatever name known), chassis, motors, bodies, batteries, inner tubes, or pneumatic tires for such motor vehicles, launches with or without mounted motors, motors for such launches, including motors for exterior mountings, sold, transferred, manufactured or used in, or introduced into Porto Rico, a tax of ten (10) per cent on the selling price in Porto Rico; . . . . ."

The law levies a tax on the sale of motor vehicles, including automobiles, autocars, trucks, tractors, trailers, and motorcycles. The appellant argues that tractors are not

motor vehicles because they have no wheels, tires, or inner tubes, as they move on a metallic band known as "caterpillar." However, the act has considered tractors as motor vehicles when including them under such a heading, and hence the conclusion must be reached that they are motor vehicles, as held in the above-cited case. Motor vehicles are propelled by a power other than muscular power, such as automobiles, tractors, etc.

The appellant also maintains that the act refers to industrial tractors and not to those engaged in agricultural labor which are suitable for towing heavy modern plows and other agricultural apparatus, as agriculture must be protected. In spite of this, the law has assessed a tax on tractors without making a distinction between industrial and agricultural tractors, as the appellant does. By express provision of law all tractors are subject to taxation, and we are not authorized to add to the law words and exceptions not contained therein. That is a function of the Legislature, which may exempt from the tax the tractors that the appellant considers as agricultural, if it so deems it advisable.

The judgment appealed from must be affirmed.